IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| JEFFREY KENT, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Civil Action No. 18-1760-CFC |
| ) | |
| ROBERT MAY, Warden ) | |
| and ATTORNEY GENERAL OF ) | |
| THE STATE OF DELAWARE, ) | |
| ) | |
| Respondents. ) | |

## MEMORANDUM

### I.  INTRODUCTION

Pending before the Court is Petitioner's Motion for Relief from Judgment filed pursuant to Federal Rule of Civil Procedure 60(b)(1) and (3). (D.I. 33) For the following reasons, the Court will deny the Rule 60(b) Motion.

### II.  BACKGROUND

In September 2014, a Delaware Superior Court jury convicted Petitioner of first-degree murder and possession of a firearm during the commission of a felony ("PFDCF"). (D.I. 27 at 2) The Superior Court sentenced him to life imprisonment for the first degree murder conviction and to 10 years of incarceration for the PFDCF conviction. (*Id.* at 2-3) The Delaware Supreme Court affirmed Petitioner's convictions and sentences. (*Id.* at 3) Petitioner filed a Rule 61 motion for post-conviction relief. The Superior Court denied the Rule 61 motion, and the Delaware Supreme Court affirmed that decision in June 2018. Petitioner filed his original Petition for federal

habeas relief in this Court in November 2018 (D.I. 1), and then requested a stay so that he could present ineffective assistance of trial counsel claims ("IATC") to the Superior Court in a second Rule 61 motion. (D.I. 6) The Court stayed the Petition. (D.I. 7) The Superior Court denied Petitioner's second Rule 61 motion, and the Delaware Supreme Court affirmed that decision. (See D.I. 27 at 3-4) The Court lifted the stay, and Petitioner filed an Amended Petition asserting six claims. (D.I. 15) The Court denied the Amended Petition on March 29, 2022. (D.I. 27; D.I. 28) Petitioner appealed the denial of his Amended Petition and requested a certificate of appealability. (D.I. 29) The Third Circuit declined to grant a certificate of appealability and terminated Petitioner's appeal, explaining "jurists of reason would not debate the decision to deny [Petitioner's] claims." (D.I. 32 at 1)

Thereafter, Petitioner filed in this Court a "Motion for Relief from a Judgment or Order Pursuant to Rule 60(b)(1) and (3)." (D.I. 33)

## II. STANDARD OF REVIEW

Federal Rule of Civil Procedure 60(b) provides that a party may file a motion for relief from a final judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence, that with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

2

Fed. R. Civ. P. 60(b).  Rule 60(b)(1) permits a court to relieve a party from final judgment for "mistake, inadvertence, surprise, or excusable neglect." Fed. R. Civ. P. 60(b).  A "mistake under Rule 60(b)(1) includes a judge's error of law" and a mistake of fact. *Kemp v. United States*, 596 U.S. 528, 534 (2022).  Rule 60(b)(3) permits a district court to relieve a party from a final judgment for "fraud ..., misrepresentation, or misconduct by the opposing party." Fed. R. Civ. P. 60(b)(3).  To prevail under Rule 60(b)(3), the movant must "establish, by clear and convincing evidence, that [the adverse party] engaged in fraud or other misconduct, and that this misconduct prevented [the moving parties] from fully and fairly presenting their case." *Heriveaux v. Durkin & Durkin, LLC*, 841 F. App'x 501, 504 (3d Cir. 2021).

Rule 60(b) motions are left to the sound discretion of the trial court, consistent with accepted legal principles applied in light of all relevant circumstances.  *See Pierce Assoc. Inc. v. Nemours Found.*, 865 F.2d 530, 548 (3d Cir. 1988).  A Rule 60(b) motion is not appropriate to reargue issues that the court has already considered and decided,[1] and "legal error, without more, cannot justify granting a Rule 60(b) motion." *Holland v. Holt*, 409 F. App'x 494, 497 (3d Cir. 2010).

## IV.  DISCUSSION

Two attorneys ("trial counsel") from Delaware's Office of the Public Defender ("OPD") represented Petitioner in his criminal proceeding.  An individual named Thurman Boston was identified as a witness during pre-trial discovery, and trial counsel informed the Superior Court about a potential conflict of interest because another

---

[1]*See Brambles USA Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990).

3

attorney from the OPD had represented Boston in an unrelated matter that overlapped for a period of time with trial counsel's representation of Petitioner.[2] See State v. Kent, 2014 WL 5390481, at *1 (Del. Super. Ct. Sept. 3, 2014). The OPD's representation of Boston concluded approximately six months before Petitioner's trial. See Kent v. State, 135 A.3d 79 (Table), 2016 WL 1039125, at *2 (Del. Mar. 11, 2016). The Superior Court held an office conference to discuss trial counsel's potential conflict and then ordered the parties to submit supplemental memoranda about the issue. (D.I. 20-3 at 28); see Kent, 2014 WL 5390481, at *1; Kent, 2016 WL 1039125, at *2. In their supplemental memorandum, trial counsel asked the Superior Court to prohibit Boston from being called as a witness or to appoint new counsel to represent Petitioner. See Kent, 2016 WL 1039125, at *2. The Superior Court advised the parties that trial counsel had the burden of demonstrating a conflict of interest and requested trial counsel to provide additional information in support of the motion for an *in camera* review. See Kent, 2014

---

[2]The Superior Court described the alleged conflict of interest as follows:

> As part of Boston's defense, the Public Defender's Office's psycho-forensic evaluator completed an assessment of Boston. The Public Defender's Office also accessed and reviewed Boston's medical records and prescription information. Boston's files are currently still located in the Public Defender's Office.
>
> \*   \*   \*
>
> Defense counsel contends that as a result of this concurrent representation [by attorneys in the Public Defender's Office], the Public Defender's Office has become aware of confidential information concerning Boston's mental health history that would be material to [Petitioner's] trial.

Kent, 2014 WL 5390481, at *1.

4

WL 5390481, at *1. Trial counsel responded that they were unable to provide such information because "Boston had not given Defense Counsel permission to reveal confidential information." *Id.* The Superior Court instructed trial counsel that they were permitted to reveal such information upon court order. *Id.* When trial counsel still failed to provide additional information about the conflict, the Superior Court denied trial counsel's request to withdraw via an email sent to both parties. *Id.*

On that same day, but subsequent to the Superior Court's denial of trial counsel's request to withdraw, trial counsel emailed the Superior Court *ex parte* with additional information about the alleged conflict. (D.I. 20-9 at 133); *see Kent,* 2014 WL 5390481, at *4 n.1. Still on that same day, and without opening trial counsel's email, the Superior Court issued a written opinion concluding that trial counsel's continued representation of Petitioner was appropriate because there was no actual conflict of interest. (D.I. 20-9 at 133-134); *see Kent,* 2014 WL 5390481, at *4; *Kent,* 2016 WL 1039125, at *2. The Superior Court explained:

> In support of its motion, Defense Counsel offered a merely conclusory assertion that Defense Counsel was in possession of confidential information that would be materially adverse to Boston if used against him for impeachment purposes at Defendant's trial. The only evidence of such potentially adverse information gained from the Public Defender's representation of Boston that Defense Counsel has offered is Boston's mental health history. However, this Court determined that Boston's mental health history is public knowledge and informed the parties as such. For this reason, the Court instructed Defense Counsel to file, for *in camera* review, any additional evidence that supports his assertion that the Public Defender's Office is privy to confidential and

5

> materially adverse information to Boston as a result of the Public Defender's former representation of Boston.
>
> Here, despite the Court's instruction to do so, Defense Counsel declined to provide actual evidentiary support for its motion on the basis that such evidence was confidential under the attorney-client privilege and the former client, Boston, had not waived that privilege. Moreover, Defense Counsel, when reminded that he could under the Rules file confidential information *in camera*, did not file any additional information. Therefore, Defense Counsel has provided no evidence showing that its former client and Defendant's matters are substantially related or that Defendant's interests are materially adverse to its former client. Accordingly, there is no actual conflict of interest and Defense Counsel's continued representation of Defendant is appropriate.

*Kent,* 2014 WL 5390481, at *4. The Delaware Supreme Court affirmed the Superior Court's decision, explaining that Petitioner

> fail[ed] to show how he was prejudiced when the [OPD] represented Boston in matters that are completely unrelated to this case. The only information the [OPD] offered to support its belief that a conflict existed was information regarding Boston's mental health, but the trial court determined that this information was public. Despite the opportunity to do so, [Petitioner] failed to provide any more information to the trial court that would support his contention.

*Kent*, 2016 WL 1039125, at *3.

In Claim Three of his habeas Petition, Petitioner argued that the Superior Court erred by not concluding that trial counsel had a conflict of interest, and that the state court should have either granted his motion to exclude Boston's testimony or have appointed new counsel to represent him. Petitioner contended that a presumption of

6

prejudice arose from trial counsel's actual conflict, and that the Delaware Supreme Court applied the wrong standard of law when affirming the Superior Court's decision.

The Court denied Claim Three after determining that the Delaware Supreme Court's decision was not contrary to, or an unreasonable application of, the clearly established federal law set forth in *Cuyler v. Sullivan*, 446 U.S. 335, 350 (1980). More specifically, the Court held:

> [The] record demonstrates that the Superior Court satisfied its threshold duty of inquiry into the OPD's alleged conflict with Boston. Significantly, even though the Superior Court provided the OPD with an opportunity to prepare a record for the state court's consideration of the conflict issue, the OPD failed to provide any information concerning the alleged confidential information regarding the OPD's representation of Boston to support its conclusory assertion of a conflict. The Delaware Supreme Court reasonably relied on the Superior Court's attempts to have the OPD establish a record to support Petitioner's conflict claim and reasonably relied on the Superior Court's determination that Petitioner did not meet his burden. Notably, Petitioner did not demonstrate that the OPD's interests and his interests diverged with respect to a material factual or legal issue or to a course of action, nor did he identify that some plausible defense strategy or tactic might have been pursued ... and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests. As a result, the Court concludes that the Delaware Supreme Court reasonably determined the facts in finding that Petitioner did not provide sufficient evidence of an actual conflict of interest. Additionally, although the Delaware Supreme Court did not reference *Sullivan* or its progeny when affirming the Superior Court's rejection of Petitioner's conflict of interest argument, the state court's focus on Petitioner's failure to provide sufficient information to support his allegation of a conflict mirrors the inquiry required by *Sullivan* and its progeny. Thus, the Delaware Supreme Court's decision was not contrary to clearly established federal law.

The Delaware Supreme Court also reasonably concluded that

> Petitioner was not prejudiced by the OPD's representation of Boston in the unrelated matter. The record shows that trial counsel extensively cross-examined Boston about his inconsistent statements to the police describing the shooter as well as his motive in eventually identifying Petitioner as the perpetrator. To the extent Petitioner asserts that trial counsel was unable to cross-examine Boston about his mental health, Petitioner has not shown how Boston's mental health would have been probative to impeach his testimony. Notably, while cross-examining Boston, trial counsel also asked to approach at a sidebar. There, trial counsel referred to the "prior conflict issue about the mental health records" and stated that he "just want[ed] to make a record, [he's] making a tactical decision not to raise [Boston's] mental health issue just in case." Trial counsel also represented that he "had a general discussion with Mr. Boston about the fact that he was represented in 2013 by the OPD and would be cross-examined by a different lawyer in the OPD in this case." Trial counsel "asked [Boston] if he had any concerns about it, [and] he said absolutely not."
>
> Based on the foregoing, the Court will deny Claim Three for failing to satisfy the standard in § 2254(d).

(D.I. 27 at 27-28) (cleaned up)

In the pending Motion for Relief from Judgment, Petitioner contends that the Court should reopen his habeas proceeding under Rule 60(b)(1) and (3) because the State misrepresented the facts and caused the Court to mistakenly believe that trial counsel had discussed the potential conflict with Boston when, in fact, it was the State prosecutor who had discussed the potential conflict with Boston. (D.I. 33 at 2, 4-5) Petitioner asserts that this mistake damaged his ability to show the existence of an actual conflict of interest and prevented him from fully presenting his habeas case to this Court. (*Id.* at 2)

Petitioner correctly asserts that it was the State prosecutor, and not trial counsel, who informed the Superior Court at sidebar that he "had a general discussion with Mr.

8

Boston about the fact that he was represented in 2013 by the PD's Office and would be cross-examined by a different lawyer in the PD's office in this case.  And I asked him if he had any concerns about it, he said absolutely not." (D.I. 20-9 at 232)  Contrary to Petitioner's contention, however, the Court's error in attributing the statement to trial counsel was not caused by the State's intentional misrepresentation or fraud; rather, the Court made an inadvertent mistake in referencing the source the statement.[3] Consequently, Petitioner is not entitled to relief under Rule 60(b)(3).

Additionally, Petitioner is not entitled to relief under Rule 60(b)(1).  To succeed on a Motion for Relief from Judgment based on mistake, the movant must show that the "court made a material mistake that changed the outcome of the Court's judgment." *Thatcher v. Lamanna*, 2020 WL 1047087, at *2 (S.D.N.Y. Mar. 4, 2020) (cleaned up); see *Stradley v. Cortez*, 518 F.2d 488, 493 (3d Cir. 1975) ("Rule 60(b)(1) is concerned with mistakes of a substantive nature.").  Here, even if the Court had properly identified the State prosecutor as making the statement about discussing with Boston the OPD's overlapping representation, the Court would still have concluded that the Delaware Supreme Court: (1) reasonably determined Petitioner did not provide sufficient evidence of an actual conflict of interest; and (2) reasonably found Petitioner failed to establish prejudice resulting from the OPD's continued representation of him.  As the Court

---

[3]In its Answer, the State cited the correct portion of the state court record (*See* D.I. 19 at 27-38, citing D.I. 20-9 at 232), but incorrectly attributed the statement regarding the discussion with Boston about the conflict of interest as originating from trial counsel (*See* D.I. 19 at 28).  Nothing in the record or the State's Answer indicates that the State intentionally or fraudulently represented what happened at sidebar.  In fact, the Court independently reviewed the correct portion of the state court record, but also incorrectly attributed the statement regarding the discussion with Boston to trial counsel.

9

explained in its Opinion: (1) trial counsel failed to timely comply with the Superior Court's instruction to provide any information concerning the alleged conflict of interest issue; (2) Petitioner did not demonstrate that the OPD's interests and his interests diverged with respect to a material factual or legal issue or to a course of action; (3) Petitioner did not identify that some plausible defense strategy or tactic might have been pursued and that the alternative defense was inherently in conflict with or not undertaken due to the attorney's other loyalties or interests; (4) trial counsel extensively cross-examined Boston about his inconsistent statements to the police describing the shooter; (5) trial counsel extensively cross-examined Boston as to his motive in eventually identifying Petitioner as the perpetrator; and (6) Petitioner did not show how Boston's mental health would have been probative to impeach his testimony. (D.I. 27 at 27-28) In other words, the Court's mistaken identification was not substantive in nature, because the Court's determination that Claim Three did not warrant habeas relief was not based upon or materially affected by the identity of the individual who discussed the issue of the OPD's overlapping representation with Boston.

The Court's conclusion that its mistake in identifying trial counsel as the source of the statement does not warrant reopening the case is further supported by the fact that the Third Circuit considered and rejected an identical argument regarding the mistake when it denied Petitioner's motion for certificate of appealability.[4] (See D.I. 16 at 3-10 in

---

[4] In his motion for certificate of appealability, Petitioner identified as a "false fact" the Court's mistake in referencing trial counsel as the person who stated he had a conversation with Boston, then argued that jurists of reason would agree that he did not receive a fair review because the false fact was relevant to the conflict of interest issue. (See D.I. 16 at 4 in Kent v. Att'y Gen. Del., No. 22-1778 (3rd Cir.))

*Kent v. Att'y Gen. Del.*, No. 22-1778 (3rd Cir.)) The Third Circuit explained that "jurists of reason [] would also agree, without debate, that there is no merit to his claims that the trial court erred when it denied his motion for a new trial on the basis of prosecutorial misconduct or when it found no conflict of interest in his representation." (D.I. 32 at 1) The Third Circuit rejected the same argument for a second time when it denied Petitioner's petition for rehearing. (*See* D.I. 30 at 2 & D.I. 33 in *Kent v. Att'y Gen. Del.*, No. 22-1778 (3rd Cir.))

Accordingly, the Court concludes that Petitioner's instant Motion for Relief from Judgment does not warrant relief under Rule 60(b)(1) or (3).

## IV. CONCLUSION

For these reasons, the Court will deny the instant Rule 60(b) Motion for Relief from Judgment. In addition, the Court will not issue a certificate of appealability, because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); see *United States v. Eyer*, 113 F.3d 470 (3d Cir.1997); 3d Cir. LAR 22.2 (2011). The Court will issue an Order consistent with this Memorandum.

Dated: March 18, 2024

                                               Colm F. Connolly
                                               Chief Judge